IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 2:13-cv-00062 |
| vs. | § | |
| | § | **JURY TRIAL DEMANDED** |
| INTERNATIONAL BUSINESS MACHINES, | § | |
| NETMEDIA, LLC | § | |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff GEOTAG, INC. ("Plaintiff") files this Original Complaint against Defendants
INTERNATIONAL BUSINESS MACHINES ("IBM") d/b/a KENEXA ("Kenexa"), and netMedia,
LLC ("netMEDIA") (collectively "Defendants"), and would respectfully show the Court as follows:

## I.  THE PARTIES

1.      Plaintiff is a Texas corporation with its principal place of business in Plano, Texas.

2.      Upon information and belief, Defendant IBM is a New York Corporation with a
principal place of business in Armonk, New York 10504     IBM may be served with process through
its registered agent THE CORPORATION TRUST COMPANY, CORPORATION TRUST
CENTER 1209 ORANGE ST, WILMINGTON, DE, 19801.

3.      Upon information and belief, Defendant NetMEDIA is a Corporation, with its United
States headquarters at 2500 Plaza 5, 25th floor, Harborside Financial Center, Jersey City, NJ 07311,
USA.

## II.  JURISDICTION AND VENUE

4.      This is an action for infringement of a United States patent under 35 U.S.C. § 271 *et seq.* and § 281.  This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

5.      Plaintiff is informed and believes, and thereon alleges, that each and all of the Defendants have committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District Texas.

6.      Upon information and belief, each and all of the Defendants have sufficient minimum contacts with the State of Texas and the Marshall Division of the Eastern District of Texas such that this Court has personal jurisdiction over each of the Defendants and this is a fair and reasonable venue for the litigation of this action.  Each of the Defendants has committed such purposeful acts and/or transactions in Texas that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.  Upon information and belief, each and all of the Defendants have transacted business, and at the time of the filing of this Complaint are transacting business, within the Marshall Division of the Eastern District of Texas.   For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

7.      Further, venue of this action is appropriate and convenient in the Marshall Division because this Court previously heard a parallel action for infringement of the same '474 Patent-in-suit, in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.*, Civil Action No. 2:06-CV-00475-CE, in the United States District Court for the Eastern District of Texas, Marshall Division ("the Geomas Lawsuit").  In the Geomas Lawsuit this Court considered and construed the terms and claims of the present patent-in-suit, as set forth in the Court's claim-construction (or *Markman*) Memorandum Opinion and Order issued on November 20, 2008.

8.      Further, venue of this action is appropriate and convenient in the Marshall Division because other cases asserting infringement of the '474 Patent are now before this Court. A list of the Eastern District of Texas cases is attached hereto as Exhibit B and incorporated herein by reference. In those cases one or more of the existing defendants have disclosed that the Defendant has information relevant to determining infringement of the '474 Patent, or may be responsible to indemnify or defend the existing defendants regarding infringement of the '474 Patent.

### III.   PATENT INFRINGEMENT

9.      Plaintiff incorporates the above paragraphs herein by reference.

10.     On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued.  The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired.  A true and correct copy of the '474 Patent is attached hereto and Exhibit "A" and incorporated herein by reference.  Generally, the '474 Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently.  The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

11.     By assignment, GeoTag, Inc. is the owner of all right, title and interest of the '474 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '474 Patent by these Defendants.

12.     Upon information and belief, each and all of the Defendants have manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of the '474 Patent, but at least claim 1,and therefore each and all of the Defendants have infringed one or more claims of the'474 Patent; and/or have induced and/or contributed to the infringement of one or more of the claims of the '474 Patent, but at least claim 1, by others.

13.     Each Defendant's infringing conduct is based, at least in part, on such Defendant's making, using, distributing, and/or selling or offering for sale, a system for providing geographical and topical information to Internet users in a manner disclosed and protected against infringement by one or more claims of the '474 Patent, but at least claim 1, either directly or indirectly through their customers website.

14.     On information and belief, since becoming aware of the '474 patent, Defendants have been and are now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '474 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing Kenexa software and services and netMEDIA eRecruitment software and services for use by Defendants' customers.  Defendants are direct and indirect infringers, and its customers using Kenexa software and services and netMEDIA eRecruitment software and services are direct infringers.

15.     Direct Infringement: More specifically, on information and belief, Defendant IBM, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services directly infringing one or more claims of the '474 Patent, but at least claim 1, including, but not limited to,

4

those of its Kenexa software and services. Exemplary embodiments can be found at .
http://www.kenexa.jobs/,            https://jobs3.netmedia1.com/cp/,   (American   Greetings)
https://sjobs.brassring.com/TGWebHost/searchresults.aspx?PartnerId=25519&SiteId=5215&Functio
n=LinkQuery&LinkId=552,                                           (Cabelas)
https://sjobs.brassring.com/TGWebHost/home.aspx?partnerid=25405&siteid=5454,      (Guess)
https://recruiter.kenexa.com/guess/cc/Home.ss?ccid=bupJEdUjsTs%3D,   and   (Cracker   Barrel)
https://2xrecruit.kenexa.com/kr/cc/jsp/public/landingPage.jsf?id=48C97D4C9D4B53448FB4E0E92
BFF8C1F09E5836E035ABE383F739D7B426BB208&initcc=true.

16.   <u>Inducing Infringement:</u> More specifically, on information and belief, Defendant IBM,
without authority, consent, right, or license, manufactures, has manufactured, makes, has made, uses,
has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed,
systems, products, and/or services, including but not limited to, those of its the Kenexa
software/services, inducing infringement of one or more claims of the '474 Patent, but at least claim
1, in its customers such as  American Greetings, Cabelas, Guess, and Cracker Barrel. IBM has been
on notice of the '474 Patent, yet has continued inducing infringement in at least the aforementioned
IBM customers, by continuing to provide Kenexa software/services. On information and belief, since
becoming aware of the '474 patent Defendant IBM is and has been committing the act of inducing
infringement by specifically intending to induce infringement by providing the identified Kenexa
software and services to its customers and by aiding and abetting its use.  On information and belief,
Defendant IBM  knew or should have known that through its acts it was and is inducing infringement
of the '474 patent. Exemplary embodiments can be found at (American Greetings)
https://sjobs.brassring.com/TGWebHost/searchresults.aspx?PartnerId=25519&SiteId=5215&Functio
n=LinkQuery&LinkId=552,                                           (Cabelas)

https://sjobs.brassring.com/TGWebHost/home.aspx?partnerid=25405&siteid=5454, (Guess)

https://recruiter.kenexa.com/guess/cc/Home.ss?ccid=bupJEdUjsTs%3D, (Cracker Barrel)

https://2xrecruit.kenexa.com/kr/cc/jsp/public/landingPage.jsf?id=48C97D4C9D4B53448FB4E0E92

BFF8C1F09E5836A035ABE383F739D7B426BB208&initcc=true.

17.     Contributory Infringement: More specifically, on information and belief, Defendant

IBM, without authority, consent, right, or license, manufactures, has manufactured, makes, has made,

uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed,

systems, products, and/or services, including but not limited to, those of its Kenexa

software/services, contributes to infringement of one or more claims of the '474 Patent, but at least

claim 1, in its customers such as American Greetings, Cabelas, Guess, and Cracker Barrel. On

information and belief, Defendant IBM  is and has been committing the act of contributory

infringement by intending to provide the identified Kenexa software and services to its customers

knowing that they are a material part of the invention, knowing that its use was made and adapted for

infringement of the '474 patent, and further knowing that the systems are not a staple article or

commodity of commerce suitable for substantially noninfringing use.  Exemplary embodiments can

be             found             at             (American             Greetings)

https://sjobs.brassring.com/TGWebHost/searchresults.aspx?PartnerId=25519&SiteId=5215&Functio

n=LinkQuery&LinkId=552, (Cabelas)

https://sjobs.brassring.com/TGWebHost/home.aspx?partnerid=25405&siteid=5454, (Guess)

https://recruiter.kenexa.com/guess/cc/Home.ss?ccid=bupJEdUjsTs%3D, (Cracker Barrel)

https://2xrecruit.kenexa.com/kr/cc/jsp/public/landingPage.jsf?id=48C97D4C9D4B53448FB4E0E92

BFF8C1F09E5836E035ABE383F739D7B426BB208&initcc=true.

NetMEDIA

18.  <u>Direct Infringement:</u> More specifically, on information and belief, Defendant NetMEDIA, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services directly infringing one or more claims of the '474 Patent, but at least claim 1, including, but not limited, those of its Talent Management and eRecruitment software and services. NetMEDIA describes this software/service as "a global, Web-based, eRecruitment solution that covers every aspect of the recruiting and hiring process— provides employee recruitment process management, from candidate identification and pre-screening to selection and onboarding." An exemplary embodiment can be found at https://jobs3.netmedia1.com/cp/.

19.  <u>Inducing Infringement:</u> More specifically, on information and belief, Defendant NetMEDIA, without authority, consent, right, or license, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services, including but not limited to, those of its the Talent Management and eRecruitment  software/services, inducing infringement of one or more claims of the '474 Patent, but at least claim 1, in its customers such as IBM. NetMEDIA has been on notice of the '474 Patent, yet has continued inducing infringement in at least IBM by continuing to provide its Talent Management and eRecruitment software/services. On information and belief, since becoming aware of the '474 patent Defendant netMEDIA is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified Talent Management and eRecruitment  software/services to its customers and by aiding and abetting its use. On information and belief, Defendant netMEDIA  knew or should have known that through its acts

it was and is inducing infringement of the '474 patent. An exemplary embodiment can be found at https://jobs3.netmedia1.com/cp/.

20.    Contributory Infringement: More specifically, on information and belief, Defendant NetMEDIA, without authority, consent, right, or license, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services, including but not limited to, those of its Talent Management and eRecruitment software/services, contributes to infringement of one or more claims of the '474 Patent, but at least claim 1, in its customers such as IBM. On information and belief, Defendant netMEDIA  is and has been committing the act of contributory infringement by intending to provide the identified Talent Management and eRecruitment software/services to its customers knowing that they are a material part of the invention, knowing that its use was made and adapted for infringement of the '474 patent, and further knowing that the systems are not a staple article or commodity of commerce suitable for substantially noninfringing use.  An exemplary embodiment can be found at https://jobs3.netmedia1.com/cp/.

21.    Plaintiff has been damaged as a result of each and all of the Defendant's infringing conduct.  Each of the Defendants is thus liable to Plaintiff for damages in an amount that adequately compensates for such Defendant's infringement, *i.e.*, in an amount that by law cannot be less than would constitute  a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.    Upon information and belief, each and all of the Defendants will continue their infringement of one or more claims of the '474 Patent unless enjoined by the Court.  Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

23. On information and belief, prior to the filing of the complaint, Defendant's infringement was willful and continues to be willful. On information and belief, prior to the filing of this Complaint, Defendant was aware of the '474 patent and knew or should have known that Defendant was infringing at least claim 1 of the '474 patent. On information and belief, Defendant in its infringing activities acted as it did despite an objectively high likelihood that their actions constituted infringement of a valid patent. The Defendant's infringing activities were intentional and willful in that the risk of infringement was known to Defendant or was so obvious that it should have been known to Defendant.

24. On information and belief, Defendant has had at least constructive notice of the '474 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 5,930,474 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.   That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.   That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.   That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,930,474; and

g.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 30, 2013                    Respectfully submitted,


                                            */s/ Craig Tadlock*
                                      By:   Craig Tadlock
                                            Texas State Bar No. 00791766
                                            Keith Smiley
                                            Texas State Bar No. 24067869
                                            Tadlock Law Firm
                                            2701 Dallas Parkway, Suite 360
                                            Plano, Texas 75093
                                            Telephone: (903) 730-6789
                                            e-mail: craig@tadlocklawfirm.com
                                                    keith@tadlocklawfirm.com

                                            David R. Bennett
                                            Direction IP Law
                                            P.O. Box 14184
                                            Chicago, IL 60614-0184
                                            Telephone: (312) 291-1667
                                            e-mail:  dbennett@directionip.com

                                            Daniel Mount
                                            Kevin Pasquinelli
                                            Mount Spelman & Fingerman, PC
                                            333 West San Carlos Street
                                            Riverpark Tower, Suite 1650

San Jose, CA 95110
Telephone: (408) 279-7000
e-mail: dan@mount.com
      kpasquinelli@mount.com

**ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.**